## Routh *et al.* Administrators, *v.* Helm.

The maker of a promissory note against whom the holder has obtained judgment, is a competent witness, in a suit brought by an endorsee against an endorser, to prove payment.

IN ERROR from the circuit court of the county of Adams.

This was an action of assumpsit, in the usual form, in Adams circuit court, by W. M. Helm, against Thos. G. Ellis' administrators, on said Ellis' indorsement of a note of John Philbrick, for four thousand dollars, dated October 30, 1837, payable first of February thereafter, and general issue.

Upon the trial of the cause at the May term, 1841, plaintiff read in evidence to the jury the note sued, with the indorsement, and proved demand of payment and notice of non-payment, at the maturity of the note, to said Ellis. And when plaintiff below had closed his testimony, the defendants below, Ellis' administrators, introduced John Philbrick, the maker of the note, as a witness for the purpose of proving to the jury that said administrators had arranged or paid the note sued, subsequent to the execution of it; and the witness being examined in the first place on his *voire dire* by plaintiff's counsel, stated that he did not know whether he was interested in the event of the suit or not; and did not know what legal effect it would have upon him one way or the other; and did not know whether the testimony he would give would destroy the whole claim against the defendants, as well as himself, though he thought it ought to, but would not like to express an opinion one way or the other; and here it was admitted by plaintiffs' counsel that there was a judgment against the witness on the note sued on in favor of the plaintiffs. And in answer to a question propounded by the counsel of defendants below, witness stated that he had no other interest that

he knew of in the event of this suit, except as the maker of the note sued on; and thereupon plaintiffs' counsel objected to the witness as incompetent, which objection was sustained, and the court refused to permit the counsel of defendant below to have said witness sworn in chief, and examined as a witness to show the subsequent arrangement or payment of the note, as stated when the witness was offered. Defendant's counsel took their exception to this decision of the court, in regular form. The jury found a verdict for plaintiff for five thousand and forty-nine dollars, and judgment thereon.

Quitman and McMurran, for plaintiffs in error.

Mr. Justice TURNER delivered the opinion of the court.

The only question presented for the consideration of the court, is, whether the maker of a promissory note, against whom the holder has obtained judgment, is a competent witness, in a suit brought by an indorsee against the indorser, to prove that the note has been paid. The circuit court decided that he was incompetent.

It is laid down in the case of Bank of Utica *v.* Hillard, 5 Cow. Rep. p. 159, that before the case of Walton *v.* Shelly, 1 T. R. 296, A. D. 1786, the rule and its exceptions were, that every person is a competent witness who was not interested in the event of the cause, rendered infamous by crime, or excluded for infidelity. By that case, a new exception was introduced, "that no party who has signed a paper or deed shall ever be permitted to give testimony to invalidate that instrument, which he hath so signed." This exception continued to be a prevailing one in England, though not universally so, till it was overruled in Jordaine *v.* Lashbrooke, 7 T. R. 597, 601, A. D. 1798, where the reasoning in Walton *v.* Shelly was considered, and the ancient rule re-established; Ashurst, Justice, still adhering to the opinion he had given in Walton *v.* Shelly. He was the only judge on the bench, in 1798, who had also been there in 1786. The doctrine advanced by Lord Kenyon in the latter case, is, that when a witness is infamous, and the record of his conviction is produced, or when he is interested in the event

Routh *et al.* Administrators, *v.* Helm.

of the cause, he cannot be received; but, to carry the rule beyond that, would be extending it farther than policy, morality, or the interests of the public require.   This has ever since been the law in England.   But the court in New York, in Winton *v.* Saidler, 3 Johns. Cases, 185, A. D. 1802, adopted the rule in the case of Walton *v.* Shelly, which has also been adopted in most of the United States.   The question is ably discussed by the judges, who delivered their opinions, and the decision was made by a bare majority of the court.   Lord Mansfield and Lord Kenyon differed on this rule, and the argument of the one or the other of those learned men have been urged by those contending for the one or the other of those rules.   Lord Mansfield seems to have founded his argument on the maxim of the civil law: *"nemo aligans suam turpitudinem est audiendus,"* applying it in this way, every person who has signed an instrument has thereby declared that he knows of no objection to it; and should not afterwards be permitted to contradict this declaration.   The allegations of the frauds, which might thus be practised, is met by Lord Kenyon, with supposing that greater frauds may be practised on parties and strangers, by getting the names of all who may be witnesses of fraudulent paper, signed thereto, and then the guilty will stand entrenched in the forms of law.   Supposing the danger which we are to apprehend on the score of fraud, to be equally great on the one hand as on the other, I can see no reason, (says Chief Justice Savage,) for refusing to parties who may be innocent, the benefit of disclosing the whole truth.   I cannot believe that justice will be promoted, or the morals of the community be improved, by permitting those, guilty of frauds, to protect themselves from the only witnesses who are supposed to have a knowledge of the facts.

Chief Justice Savage farther says, that the court in New York had been gradually receding from the decision in Walton *v.* Shelly, and that he was free to declare that he entirely denied the propriety of the exception adopted in that case; and that he considered the old rule, with its ancient exceptions, the only correct one. See Stafford *v.* Rin, 5 Cowen, 23.   That rule is, that every person, not interested in the event of the suit, nor incapacitated by his religious tenets, nor by the conviction of an infamous crime,

is a competent witness. All other circumstances affect his credit only.

In our opinion, from all the authorities, the court erred in excluding the witness. He was not called to discredit the paper, or to invalidate the consideration thereof, but to prove matter subsequent to its execution, and a new trial should be granted. Walk. Rep. 540, L. Drake *v.* J. P. Henley.

Judgment reversed, and cause remanded.